**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAIDY IVETH PENSAMIENTO-DUARTE; NEISY JASLEMAR PENSAMIENTO-DUARTE,<br><br>Petitioners,<br><br>v.<br><br>ROBERT M. WILKINSON, Acting Attorney General,<br><br>Respondent. | No. 19-72331<br><br>Agency Nos. A208-902-918<br>A208-902-917<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 1, 2021**
San Francisco, California

Before: IKUTA and NGUYEN, Circuit Judges, and EATON,*** Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* Richard K. Eaton, Judge of the United States Court of International Trade, sitting by designation.

Saidy Iveth Pensamiento-Duarte,[1] a native and citizen of Guatemala, applied for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). After making an adverse credibility determination, the Immigration Judge (IJ) denied all relief, and the Board of Immigration Appeals (BIA) dismissed Pensamiento's subsequent appeal. Pensamiento now petitions for review, challenging the adverse credibility determination, and arguing that she experienced "physical and mental abuse amounting to torture . . . [which establishes] both past persecution and a well-founded fear of future persecution." We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.

1. We review adverse credibility determinations under a substantial evidence standard. *See Jin v. Holder*, 748 F.3d 959, 964 (9th Cir. 2014). We review both the BIA's decision and the IJ's decision where, as here, the BIA adopts the IJ's analysis and adds its own reasoning. *See, e.g.*, *Kataria v. INS*, 232 F.3d 1107, 1112 (9th Cir. 2000).

Substantial evidence supports the agency's finding. Pensamiento's testimony before the IJ was inconsistent with statements she made during her asylum interview and in her declaration. When testifying about her escape attempts from her abusive domestic partner, she stated that she tried to escape twice, even though, at her asylum

---

[1]    Pensamiento's minor daughter is a derivative beneficiary of Pensamiento's asylum application.

interview, she had claimed that she tried to escape five times. She was unable to provide a consistent and plausible timeline as to her pregnancy and childbirth, her state of consciousness, the alleged injuries she suffered, and her eventual escape. She admitted that she exaggerated her account because she did not want to be deported and said that she was willing to make false statements to prevent her deportation.

Based on these inconsistencies and admissions, the agency's adverse credibility determination was supported by substantial evidence. The inconsistencies in Pensamiento's testimony concerned the nature, extent, and cause of the persecution that she claimed warranted relief. Considering the totality of the circumstances, the BIA properly affirmed the adverse credibility determination. *See Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010).

2. Pensamiento thus could not establish, by credible testimony, the requisite subjective, well-founded fear of future persecution—or a history of past persecution—necessary for asylum and withholding of removal. *See Kaiser v. Ashcroft*, 390 F.3d 653, 658 (9th Cir. 2004); *see also Jiang v. Holder*, 754 F.3d 733, 740 (9th Cir. 2014) (holding that the standard for withholding of removal is higher than the standard for asylum, and thus if a petitioner's asylum claim fails, her withholding of removal claim will also fail). Accordingly, we deny her petition as to these forms of relief.

3. Finally, the agency's determination that Pensamiento is not entitled to protection under CAT is supported by substantial evidence. To be entitled to CAT protection, a petitioner bears the burden of showing that she is "more likely than not" to be tortured, with acquiescence (including willful blindness) by government officials, if returned to her home country. *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014) (citing 8 C.F.R. § 1208.16(c)(3)). We review factual findings underlying the denial of relief under CAT for substantial evidence. *See Zheng v. Ashcroft*, 332 F.3d 1186, 1193 (9th Cir. 2003).

Because her testimony was not credible, the only evidence Pensamiento has to support her CAT claim is documentary evidence of country conditions in Guatemala. The country conditions evidence here is too generalized to compel the conclusion that Pensamiento herself likely will be tortured if deported to Guatemala. *See Almaghzar v. Gonzales*, 457 F.3d 915, 923 (9th Cir. 2006) ("Although the reports confirm that torture takes place in Yemen, they do not compel the conclusion that [the noncitizen] would be tortured if returned."). Therefore, substantial evidence supports the agency's denial of CAT protection.

**PETITION DENIED.**

4